UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSEPH ROCCO GIANCOLA,

      Defendant.

Case No. 2:25-cr-238-KCD-NPM

_____/

## **ORDER**

Defendant Joseph Rocco Giancola is charged with violating 18 U.S.C. § 875(c) by transmitting a threat to injure another person. (Doc. 18.)[1] Specifically, the indictment alleges Giancola posted this message on social media: "I would shoot them dead. Gestapo Lives Don't Matter." (*Id.* at 1.) The Government claims this message was made with the intent to communicate a true threat of violence, or at least with recklessness as to how it would be perceived. (Doc. 35 at 1.)

Giancola moves to dismiss the indictment. (Doc. 34.) He advances two arguments. First, he contends that § 875(c) covers only threats against "natural persons," whereas his statement "was directed at Immigration and Customs Enforcement (ICE) as a government agency." (Doc. 34 at 1.) Second,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

he argues that his statement is not a "true threat" as a matter of law and is thus protected speech. (*Id.* at 4.) For the reasons below, the motion is **DENIED**.

## I. Legal Standard

A motion to dismiss an indictment is not a trial by other means. Under Federal Rule of Criminal Procedure 12(b), the Court's inquiry is limited to the "four corners" of the indictment itself. *United States v. Abbott*, No. 24-CR-20098, 2025 WL 1744360, at *1 (S.D. Fla. June 24, 2025). We do not look at the evidence the prosecution might eventually present, nor do we assess whether the prosecution can actually prove what it claims. *United States v. Critzer*, 951 F.2d 306, 308 (11th Cir. 1992).

Instead, the test is structural. An indictment is sufficient if it does three things: (1) it contains the elements of the offense charged; (2) it fairly informs the defendant of the charge he must defend against; and (3) it enables him to plead an acquittal or conviction to prevent future prosecutions for the same offense. *United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998). If the indictment tracks the statute's language and states facts and circumstances that give notice of the offense, it passes muster. *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003). Only "[w]here an indictment fails to contain sufficient allegations to charge the essential elements of an offense, [will] the proper remedy [be] dismissal[.]" *United States v. McIntosh*, No. 1:13-CR-18-

2

TWT-GGB P, 2016 WL 695742, at *3 (N.D. Ga. Jan. 6, 2016); *see also United States v. Al-Arian*, 308 F. Supp. 2d 1322, 1332 (M.D. Fla. 2004).

## II. Discussion

Giancola's first objection is textual. He argues that § 875(c), which prohibits transmitting a communication containing a threat to injure "the person of another," does not apply to threats directed at a government agency like ICE. (Doc. 34 at 5-8.) He reasons that an agency cannot be "kidnapped or physically injured." (*Id.* at 6.)

This argument hits a wall when placed against the actual text of Giancola's communication. As mentioned, the Court's review is limited to the four corners of the indictment. We do not look to outside context or hypothetical evidence. We ask only if the text alleged charges a crime. *See United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). And the text here did not threaten a bureaucracy or attack an organization. It threatened to "shoot them dead." The pronoun "them" grammatically and logically refers to human beings—the natural persons capable of being shot. Even use of the slur "Gestapo" in the phrase "Gestapo Lives Don't Matter" betrays the target: lives belonging to actual people, not administrative entities. The Court is thus satisfied that the indictment alleges a threat to "the *person* of another." 18 U.S.C. § 875(c) (emphasis added).

Even accepting the added context of Giancola's argument—that his threat was against ICE—he still falls short. "Section 875(c) does not require proof that a defendant threatened to injure any particular person. Rather, it requires proof that the defendant threatened to injure the 'person of another.'" *United States v. Linehan*, 835 F. App'x 914, 917 (9th Cir. 2020). Agencies cannot be shot dead. Only human beings—natural persons—can suffer that fate. So when Giancola wrote that he would "shoot them dead," the grammar and logic of his threat bypassed the abstract entity of ICE and landed squarely on its agents. (Doc. 18 at 1.) To argue otherwise is to suggest he intended to assassinate an organizational chart. Because only natural persons are capable of being shot, the logical reading of his statement is that it targeted the agents themselves—satisfying the statutory requirement of a threat to the person of another. *See, e.g.*, *United States v. Day*, No. CR-23-08132-PCT-JJT, 2024 WL 2746985, at *3 (D. Ariz. May 29, 2024), *United States v. Hale*, No. 1:24-CR-00003, 2024 WL 4970039, at *2 (W.D. Va. Nov. 18, 2024).

Giancola next argues that his charged statement was not a "true threat" but rather protected speech under the First Amendment. (Doc. 34 at 9-11.) "The hallmark of the protection of free speech is to allow free trade in ideas—even ideas that the overwhelming majority of people might find distasteful or discomforting." *Virginia v. Black*, 538 U.S. 343, 358 (2003). Even so, the protections of the First Amendment are not absolute, and speech that

4

constitutes a true threat may be criminalized. *Watts v. United States*, 394 U.S. 705, 707-08 (1969). So to avoid infringing on protected expression, § 875(c) must be interpreted narrowly to cover only "true threats." *United States v. Baker*, 514 F. Supp. 3d 1369, 1379 (N.D. Fla. 2021).

A true threat is defined as "a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia*, 538 U.S. at 344. This requirement distinguishes criminal conduct from political hyperbole, jokes, or other statements that, when viewed in context, do not convey a genuine intent to cause harm. *United States v. Albizar Martinez*, No. 25-11781, 2025 WL 2814881, at *4 (11th Cir. Oct. 3, 2025). For the indictment here to survive, then, the Government must have alleged a communication that a reasonable jury could find is a true threat.

Whether a specific statement constitutes a true threat is generally a question of fact for the jury, not a legal question for the judge. That is because determining whether a statement is a threat is a fact-intensive inquiry. *See United States v. Hussaini*, No. 19-60387-CR, 2022 WL 138474, at *7 (S.D. Fla. Jan. 14, 2022). You must evaluate the statement in context to determine how a reasonable recipient would interpret it and whether the defendant possessed the requisite mental state. *Albizar Martinez*, 2025 WL 2814881, at *4.

Dismissal is appropriate only in the rare case where a statement is so clearly non-threatening that no reasonable jury could find otherwise. *United*

*States v. Bippert*, No. 21-03037-01-CR-S-MDH, 2022 WL 625083, at \*2 (W.D. Mo. Mar. 3, 2022). That is not the case here. The alleged statement—"I would shoot them dead"—contains specific, violent imagery. Whether this was merely a crude method of stating a political opposition, as the Supreme Court found protected in *Watts*, or a genuine expression of intent to harm, is a matter for the factfinder to resolve after hearing the evidence.

Giancola urges the Court to look past the words charged and consider the man behind them—a 72-year-old grandfather who claims he has no guns, no history of violence, and no intent to travel to ICE headquarters. He insists no reasonable agent would fear him. (Doc. 34 at 10-11.) But this argument invites the Court to conduct a trial before the case has even begun. At this point, we are confined to the four corners of the indictment, which contains none of these exculpatory facts. We do not know if Giancola owns a gun, nor do we know his criminal history. We know only that the Government alleges he transmitted a communication stating, "I would shoot them dead." (Doc. 18.) Whether a reasonable person would perceive his post as the careless remarks of a harmless senior citizen, rather than a true threat of violence, is again for the jury to decide. *See United States v. Biddle*, No. 6:25-CR-162-RBD-DCI, 2025 WL 2936417, at \*2 (M.D. Fla. Oct. 9, 2025).

### III. Conclusion

At issue is not whether Giancola is guilty, but whether the indictment alleges a crime. It does. The statute forbids threatening "the person of another," and the indictment alleges Giancola threatened to "shoot them dead." (Doc. 18 at 1.) Giancola is free to argue that his statement was hyperbole and that he lacked the intent to harm. But he cannot ask this Court to usurp the jury's role and acquit him before the Government has even presented its case. The indictment is legally sufficient. The rest is for trial.

**ORDERED** in Fort Myers, Florida on February 15, 2026.

Kyle C. Dudek
United States District Judge

7