AF Approval _DC for JAM_                                   Chief Approval

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 2:25-cr-238-KCD-NPM

JOSEPH ROCCO GIANCOLA

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Gregory W. Kehoe, United States Attorney for the Middle District of Florida,

and the defendant, Joseph Rocco Giancola, and the attorney for the defendant,

Yvette Gray, mutually agree as follows:

**A.    Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to One of the Indictment.

Count One charges the defendant with Interstate Threatening Communication,

in violation of 18 U.S.C. § 875(c).

2.    Maximum Penalties

Count One carries up to five (5) years imprisonment, a fine of

$250,000.00, a term of supervised release of up to three (3) years, and a special

assessment of $100.

Defendant's Initials                 1

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:    the defendant knowingly sent a message in interstate or foreign commerce containing a true threat to injure the person of another; and

Second:   the defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

4.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any variance the United States has agreed to recommend in this plea agreement. The parties understand that such

Defendant's Initials _____            2

a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

6. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for

Defendant's Initials _____    3

acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.    <u>Four Level Variance</u>

At the time of sentencing, the United States will recommend that the Court vary downward the equivalent of four levels, in light of the unique facts and circumstances of this case.  The defendant understands that if the Court does not vary downward, the defendant will not be allowed to withdraw from the plea.

**B.    <u>Standard Terms and Conditions</u>**

1.    <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that

Defendant's Initials _____    4

compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.   The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from

Defendant's Initials _____        5

the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a

Defendant's Initials _____    6

spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make

Defendant's Initials _____   7

recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the

Defendant's Initials ___

8

sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

Defendant's Initials _____                    9

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be

Defendant's Initials _____   10

deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

On or about August 6, 2025, Immigration and Customs Enforcement (ICE) Protective Intelligence identified a true threat to injure the person of another on the Bluesky social media platform. On July 10, 2025, at 4:17 PM, in a thread discussing ICE operations, user "@caindelonbsky.social" replied to a shared news article from NBC San Diego that contained the headline "ICE handcuffs 71-year-old grandmother, a U.S. citizen, at San Diego immigration court."   Under a photo of ICE personnel, user "@caindelon.bsky.social" posted: "I would shoot them dead. Gestapo Lives Don't Matter."

A   keyword   search   of   the   Bluesky   account "@caindelon.bsky.social" using the terms: "ice," "shoot," "shoot them," "kill," "beat," and more, revealed numerous other public replies and statements by

Defendant's Initials _____      11

user "@caindelon.bsky.social" advocating violence against ICE personnel, law enforcement, and members of the Trump administration. These posts were often in reply to widely followed accounts or threads discussing law-enforcement operations. Some of the posts were "liked" by other users, represented by a heart icon adjacent to the posts, which indicates engagement from other users.

Bluesky responded to a Homeland Security Investigations (HSI) subpoena with subscriber records showing that user "@caindelon.bsky.social" first registered for a Bluesky account on November 13, 2024, with the email address: afdelonjr@gmail.com. Following this, HSI subpoenaed Google which returned records for the email address: afdelonjr@gmail.com, and identified that it was linked to Google customer: Joseph Rocco Giancola, the defendant.

Bluesky records for "@caindelon.bsky.social" showed a sign-in IP address assigned to the Comcast internet account at the defendant's residence.

With this information, Special Agent Ryan Chabot established probable cause for a search warrant of the defendant's residence. On October 30, 2025, HSI, with the assistance of the Cape Coral Police Department (CCPD), Lee County Sheriff's Office (LCSO), and Hendry County Sheriff's Office (HCSO), executed the search warrant.

Defendant's Initials _____        12

The defendant was detained during the search and was advised of his *Miranda* rights verbally and via a printed form. The defendant agreed to speak with Special Agents Ryan Chabot and David West without the presence of an attorney. During the interview, which was recorded, the defendant confirmed that the Bluesky account "@caindelon.bsky.social" (username "Cain Delon") is his account and that he alone posts from it. The agents showed the defendant screenshots of numerous threatening posts from "Cain Delon" which the defendant admitted to making. The defendant added that he has "every right to vent my anger online."

The defendant identified his bedroom as the rear left room when facing the front of the residence. Law enforcement observed an unlocked computer in that room displaying the "Cain Delon" Bluesky account on the monitor.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea

Defendant's Initials _____        13

and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __17__ day of March, 2026.

GREGORY W. KEHOE
United States Attorney

Joseph Rocco Giancola
Defendant

Patrick L. Darcey
Assistant United States Attorney

Yvette Gray
Attorney for Defendant

Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

Defendant's Initials __JRG__                    14