UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 2:25-CR-238-KCD-NPM

JOSEPH ROCCO GIANCOLA

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CLEMENCY AND MODIFICATION OF SENTENCE**

The United States, appearing by and through undersigned counsel, files this Response in Opposition to the Defendant's Motion for Clemency and Modification of Sentence, showing as follows:

On October 30, 2025, the Defendant, Joseph Rocco Giancola, was charged by Complaint with Solicitation of a Crime of Violence in violation of 18 U.S.C. § 373. Doc. 1. The following day, the Court ordered the Defendant's release from custody, subject to certain conditions. Doc. 11. The Defendant was subsequently charged by Indictment with Interstate Communications of Threats to Injure in violation of 18 U.S.C. § 875(c). Doc. 18. The Defendant ultimately plead guilty pursuant to a plea agreement, admitting that he made numerous posts on a social media platform called BlueSky where he advocated for violence against ICE personnel, law enforcement, and members of the Trump administration. Doc. 42-47, 50.

Post-plea, the Defendant's Final Presentence Investigation Report (PSR) resulted in an advisory guideline range of 24-30 months based on a Total Offense Level of 17 and a criminal history category of I. See Final PSR para. 84. At the sentencing

hearing, the Defendant was held responsible for issuing numerous death threats against Immigration and Customs Enforcement (ICE) officers ("Get your guns and kill the ice nazis"), id. at 11(b); Trump administration supporters ("Let there be blood – MAGA blood lots of it…"), id. at 15(d); ICE Director T.H. ("Hang H**** like Mussolini, upside down so we can spit on him and beat him dead"), id. at 13; U.S. Senator C.S. (If [redacted] lets this get through the Senate, he needs to be forcibly removed. Drag him outside and beat the fuck out of him", id. at 12; and former U.S. Secretary of Homeland Security K.N., id. at 12; among others, id. at 11-15. Furthermore, the United States introduced Exhibit 1, which documented 68 threats the Defendant made from his BlueSky account during an approximate two-month timeframe during 2025. See Doc. 64-1. And the United States also moved for a four-level downward variance pursuant to the plea agreement, see Doc. 42 at 4, which resulted in an advisory guideline range of 12-18 months.

The Court ultimately varied further below the Guidelines and sentenced the Defendant to 6 months imprisonment. See Doc. 65 (filed Aug. 6, 2026). The Defendant filed his Motion on August 27, 2026. See Doc. 69. In support of his Motion requesting a sentencing modification, the Defendant points out his general life struggles and characteristics, most of which he had ample opportunity to raise during his hour-long sentencing hearing. See id. Importantly, however, the Defendant fails to even assert any of the limited circumstances which may authorize this Court to modify his sentence, nor does the U.S. Constitution vest clemency authority with the judiciary branch. Therefore, the Court should deny his Motion.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). District courts do not have inherent authority to modify a sentence after it is imposed. United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). Title 18, United States Code, Section 3582 explicitly prohibits district courts from modifying sentences, stating a "court may not modify a term of imprisonment once it has been imposed" except in the limited circumstances enumerated in the statute. 18 U.S.C. § 3582(c); see, e.g., United States v. Verdi-Bruno, 2025 WL 327240 (11th Cir. Jan. 29, 2025). Thus, a district court has authority to modify its sentence only where: (1) the U.S. Bureau of Prisons files a motion and certain other conditions are met; (2) a modification is expressly permitted by a statute, such as 18 U.S.C. § 3742 or 28 U.S.C. §§ 2241 or 2255, or Federal Rule of Criminal Procedure 35; or (3) the defendant was sentenced based on a Sentencing Guidelines range that was subsequently lowered by the Sentencing Commission. Id.; see, e.g., Phillips, 597 F.3d at 1195.

Here, the Defendant's requests do not fall within any of those narrow categories. First, the U.S. Bureau of Prisons did not file a motion to modify the Defendant's sentence. Second, the Defendant did not identify any statute in his Motion, nor has the United States located one, which authorizes this Court to modify the Defendant's sentence. Third, Rule 35(a) – which permits a district court to modify a defendant's

sentence within 14 days of sentencing if it contains an arithmetical, technical, or other clear error – could not apply here because the Defendant filed the instant motion beyond 14 days of entry of the Court's judgment. See also Philips, 597 F.3d at 1196-97; United States v. Coates, 775 Fed. Appx. 669, 671 (11th Cir. 2019) ("A Rule 35(a) motion must be filed within 14 days after sentencing, and this Court has said the time limit set out in Rule 35(a) is jurisdictional."). But in any event, the Defendant is not alleging in his Motion any arithmetical, technical, or other clear error. And lastly, the Defendant's sentence was not based on a sentencing guidelines range that was lowered by a Guidelines amendment. Therefore, the district court did not have authority under 18 U.S.C. § 3582 to modify McKay's sentence. See, e.g., United States v. McKay, 2025 WL 2742436, at *3 (11th Cir. Sept. 26, 2025).[1]

Finally, the power of clemency is granted solely to the President of the United States by Article II, Section 2, Clause I of the United States Constitution.

Accordingly, the Court should deny the Defendant's Motion.

---

[1] Because the Defendant has not even asserted any of the limited grounds that allow for a modification of sentence, his motion would likely not be granted on the merits either. See United States v. Roberson, 746 F. App'x 883, 885-86 (11th Cir. 2018).

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Matthew Redavid*
Matthew Redavid
Assistant United States Attorney
Florida Bar No. 124225
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone: (239) 461-2200
Facsimile: (239) 461-2219
E-mail: Matthew.Redavid@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Matthew Redavid*
Matthew Redavid
Assistant United States Attorney
Florida Bar No.: 124225
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone: (239) 461-2200
Facsimile: (239) 461-2219
E-mail: Matthew.Redavid@usdoj.gov